UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-71-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| JAMARCUS CLAY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 101 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Clay's guilty plea and adjudge him guilty of Count 1 of the Superseding Indictment (DE 38). *See* DE 103 (Recommendation); *see also* DE 100 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 103 at 2–3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, ORDERS as follows:

1. The Court ADOPTS DE 103, ACCEPTS Clay's guilty plea, and ADJUDGES him guilty of Count 1 of the Superseding Indictment (DE 10);

2. The Court will issue a separate sentencing order.[1]

This the 26th day of February, 2026.

Signed By:
*Robert E. Wier*
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Clay to custody. *See* DE 101 at 2. This was his status following arraignment on the initial Indictment and arraignment on the Superseding Indictment. *See* DE 14 at 2; DE 53 at 1. Absent intervening orders, Defendant shall remain in custody pending sentencing.